ENRIQUE PADUA, Petitioner an Appellant, v. MUNICIPAL COURT OF UTUADO, Defendant and Appellee, and B. MÁRQUEZ & Co., S. en C., Intervener.

No. 7901. Argued December 13, 1939.—Decided January 8, 1940.

Buenaventura Esteves and Edelmiro Méndez Serrano, for appellant.
Antonio Lens Cuena, for intervener, plaintiff in the principal suit.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The partnership B. Márquez & Co., S. en C., filed a complaint for unlawful detainer before the Municipal Court of

Utuado against petitioner-appellant, alleging that he occupied a house situated on a farm of the plaintiff as foreman of the farm; and that after having ceased in his employment as such, he was required by the plaintiff to deliver possession of the house that he occupied by reason of his employment, which the defendant refused to do.

The petitioner alleged in his answer that the municipal court had no jurisdiction to hear the case because it was an unlawful detainer at sufferance. The municipal court denied the demurrer and ordered the ejectment. On the third of October, 1938, petitioner-appellant filed a petition for certiorari in the District Court of Arecibo in which he prayed that the judgment be annuled. The partnership B. Márquez & Co., S. en C., intervened and opposed the petition, alleging that the municipal court had jurisdiction to render the judgment appealed from.

The judgment of the district court whereby the petition was denied was based on the following:

"Accepting the record as the only evidence, we conclude that the unlawful detainer was filed by the plaintiff based on Section 1477 of the Civil Code, that is, to dispossess the defendant of the building that he had occupied by virtue of a contract for services wherein part of his retribution for his labor was made by giving him the house to live in, which was the property of the plaintiff.

"The occupation of the house was not therefore merely on tolerance or liberality without any legal ties whatsoever but was the result of a contract between the parties wherein the amount paid for the services was stipulated at $30 a month besides the right to live in the house.

"As the Unlawful Detainer Act says in Section 3 that municipal judges shall have jurisdiction in suits for unlawful detainer when the price or amount which by virtue of any contract should be paid, computed by the year, does not exceed $1,000, it includes a contract for services if in the amount to be paid for said services, the occupation of a house is included and if the amount involved does not exceed said limit.

"It was alleged at the hearing that no exact amount could be stated because the value given to the occupation of the house was not appraised in the contract. Although it appears impossible that the

value of the house would make the amount of the contract exceed .$1,000, nevertheless, taking into consideration that the salary agreed upon was $30 a month, we must decide the question against the petioner in accordance with the jurisprudence of the Supreme Court of Spain in its Judgments of July 8, 1898 (J. C.), and September, 1904, (J. C.) in which precisely the scope of these contracts was discussed and wherein they are called mixed contracts because they include services and habitation. See also the case of *Cerra* v. *González,* 29 P.R.R. 270.''

In the case of *Cerra* v. *González,* 29 P.R.R. 270, which serves as a basis for the judgment of the lower court, it was said, citing from Escriche, that *at sufferance* ''in its strictest sense is a loan revocable at the will of the lender, and is also taken to mean everything of which possession is held in the nature of a loan and at the owner's will; thus possession is nothing but the effect of the tolerance of the owner and can vest no right in the possessor.'' And it was held that when a lessee continues occupying a house after the contract of lease has expired ''it clearly appear that he occupies the house without any right and against the will of the owner, but not at sufferance.'' And, besides, that ''this being so, its classification as at sufferance, which, according to the decisions, determines the original jurisdiction of the district courts in this class of cases, cannot be applied here.'' And the court says further:

''. . . The provisions referring to jurisdiction are contained in the first two subdivisions of Section 3 of the special Act on the matter, approved March 9, 1905, as follows:

'' 'The municipal judges of the districts in which the property is situated shall have jurisdiction to hear and determine actions of unlawful detainer in all cases in which the amount specified in the lease as rental, or the consideration or sum which should be paid by virtue of any contract, does not exceed one thousand dollars, computed annually.

'' 'In all other cases the district court of the district where the property is situated shall have jurisdiction of the action, and in both cases the same procedure shall be followed.'

'' 'As may be seen, the legislators adopted as a basis the amount of the rent calculated annually. In all cases where the rent or con-

sideration involved as such calculated annually does not exceed one thousand dollars the municipal courts have jurisdiction, and in all other cases the district courts have jurisdiction. Among the 'all other cases' detainer at sufferance has always been considered as included. Why? Because its nature does not permit of any contract for a fixed sum of money. Possession at sufferance generally originates from acts of generosity, or mere tolerance, or the negligence or ignorance of the owner. *When there is a contract the amount fixed necessarily controls the jurisdiction.*

"And it cannot be said that the defendant detained the material possession of the property or held it at sufferance without paying any rent, and that the action of unlawful detainer was brought against him as such detainer and not as a lessee. That theory is erroneous and cannot support the jurisdiction of the District Court of San Juan. *The defendant was sued as lessee, and for the very reason that he was such lessee, paying thirty dollars a month, he was given notice that the contract terminated on the last day of November, 1920.* The termination of the contract by that notice did not take from the defendant his character of lessee for the same reason that the expiration of a stipulated term in a lease contract does not change a defendant's status as lessee. The legal effects of the extinction of a contract of lease by the expiration of the stipulated term, *or by notice when no term has been fixed, are identical,* and in either case the action of unlawful detainer should be brought in the corresponding municipal court when the annual rent does not exceed one thousand dollars, as in this case. The expressions 'lessee' and 'possessor at sufferance' are entirely different and are clearly defined in section 2 of the Unlawful Detainer Act. The defendant's possession originated from a contract of lease and although it may be unlawful, it cannot be called at sufferance."

The foregoing reasoning is in our opinion clearly applicable to the present case. And as the value or amount involved in the contract does not exceed the jurisdictional amount of $1,000 we must hold that the District Court of Arecibo did not err in deciding that the Municipal Court of Utuado had jurisdiction to decree the ejectment. See: Judgments of the Supreme Court of Spain of July 8, 1898, and of December 23, 1904.

For the foregoing reasons, the judgment appealed from must be affirmed.